UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**FILED**

J N OCT 3 1 2006
OCT 31 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Mark Adduci, Angel Amador, Xavier Artis, Paul V. Bailey, Thomas Barksdale, Mark Biedrzycki, Rebecca Bogard, Brian Bolton, Elvin Boone, Sean Brandon, Milot Cadichon, Marvin Christmon, Olivia Cobbins, Everly Cole, Nicholas Cortesi, Darryl Edwards, Patrick Egan, Jim Gaskew, James G. Geisbush, Genaro Howard, Debra Giglio, Jeffrey Gniadek, Robert R. Gonzalez, Charlie Hall, Barbara Hampton, Ron Heard, Jim Henegan, Courtney Hill, Don Hoard, Alan Ithal, Mark Jakob, Alvin Jones, Mohammed Kallat, Anthony Katsibubas, Sam Kendrick, Patricia Keys, Todd LeFebvre, Issac Lee, Jr., William Levigne, Kerry L. Little, Ronald Mariani, Mark Mayer, John T. McHugh, Michael P. McDevitt, Jack Meseck, Michael Miller, Elizabeth Mishler, Victor Morgan, Thomas Paholke, Estell Perez-Stanford, Gregory Petit, Marilyn Pruitt, Stacey Quarterman, Gilbert Roberts, Geno Rouse, Ester Sampson, Leonard Sampson, Christ Savickas, Robert Schaefer, Carlos Segovia, Joseph Seinitz, Glen Shirahama, Willie Lee Spears, Donna M. Whisenton, Charisse J. Zeno-Davis,<br>      Plaintiffs,<br>v.<br><br>City of Chicago, Fraternal Order Of Police Lodge No. 7, and Policemen's Benevolent and Protective Association of IL Unit 156,<br>      Defendants. | 06CV5925<br>JUDGE MANNING<br>MAG. JUDGE MASON<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiffs, Mark Adduci, Angel Amador, Xavier Artis, Paul V. Bailey, Thomas Barksdale, Mark Biedrzycki, Rebecca Bogard, Brian Bolton, Elvin Boone, Sean Brandon, Milot Cadichon, Marvin Christmon, Olivia Cobbins, Everly Cole, Nicholas Cortesi, Darryl Edwards, Patrick Egan, Jim Gaskew, James G. Geisbush, Genaro Howard, Debra Giglio, Jeffrey Gniadek, Robert R. Gonzalez, Charlie Hall, Barbara Hampton, Ron Heard, Jim Henegan, Courtney Hill, Don Hoard, Alan Ithal, Mark Jakob, Alvin Jones, Mohammed Kallat, Anthony Katsibubas, Sam Kendrick, Patricia Keys, Todd LeFebvre, Issac Lee, Jr., William Levigne, Kerry L. Little Ronald Mariani, Mark Mayer, John T. McHugh, Michael P. McDevitt, Jack Meseck, Michael Miller, Elizabeth Mishler, Victor Morgan, Thomas Paholke, Estell Perez-Stanford, Gregory Petit, Marilyn Pruitt, Stacey Quarterman, Gilbert Roberts, Geno Rouse, Ester Sampson, Leonard Sampson, Christ Savickas, Robert Schaefer, Carlos Segovia, Joseph Seinitz, Glen Shirahama, Willie Lee Spears, Donna M. Whisenton, Charisse J. Zeno-Davis, by and through their attorneys Nicholas C. Zagotta and Kelly A. Saindon of the Law Offices of Nicholas C. Zagotta, complain against the defendants named above as follows:

1. Plaintiffs are residents of Cook County, Illinois and employed by the City of Chicago as police officers in various ranks.

2. Mark Adduci, Elvin Boone, Jim. Henegan, Geno Rouse, Robert Shaefer, Edwin Thomas and Ronald Watts were sergeants within the Chicago Police Department at all relevant times (hereinafter "Sergeants").

3. The remaining Plaintiffs were police officers with the Chicago Police Department at all relevant times (hereinafter "Police Officers")..

4. The Police Officers and Sergeants were all members of the Public Housing South Unit at all relevant times.

5. Plaintiffs bring this action pursuant to Section 301 of the Labor Management Relations Act, 1947 (29 USCA Section 185) hereinafter referred to as the Act, to recover damages for breach of collective bargaining agreements.

6. Jurisdiction is conferred on this Court by provisions of Section 301 of the Act.

7. At all times hereinafter mentioned, Plaintiffw were employees in an industry affecting commerce, within the meaning of Section 301, and within the definitions set forth in Section

8. At all times hereinafter mentioned, the City of Chicago (hereinafter "City") was an employer in an industry affecting commerce, within the meaning of § 301, and within the definitions set forth in §§ 2(2), and 501(1) and (3), of the Act ( 29 USCA §§ 152(2), 142(1) and (3)) .

9. At all times hereinafter mentioned, defendant Fraternal Order of Police Local 7 (hereinafter "FOP") was a labor organization representing employees in an industry affecting commerce, within the meaning of § 301 of the Act, and within the definitions set forth in §§ 2(5), and 501(1) and (3), of the Act ( 29 USCA §§ 152(5), 142(1) and (3)), and defendant's duly authorized officers and agents are engaged in representing and acting for employee members, and defendant maintains its principal offices in the City of Chicago, State of Illinois, within the territorial jurisdiction of this Court.

10. At all times hereinafter mentioned, defendant Policemen's Benevolent and Protective Association of IL Unit 156 (hereinafter "PBPA") was a labor organization representing employees in an industry affecting commerce, within the meaning of § 301 of the Act, and within the definitions set forth in

§§ 2(5), and 501(1) and (3), of the Act ( 29 USCA §§ 152(5), 142(1) and (3)), and defendant's duly authorized officers and agents are engaged in representing and acting for employee members, and defendant maintains its principal offices in the City of Chicago, State of Illinois, within the territorial jurisdiction of this Court.

11. In 2005 the FOP and City entered into a collective bargaining agreement providing for wages, hours, and other working conditions for Police Officers in the bargaining unit represented by FOP, which contract has been in full force and effect continuously since that date and applied retroactively to July 1, 2003. FOP has copies of the contract in its possession and for that reason none is attached hereto.

12. In 2005 the PBPA and City entered into a collective bargaining agreement providing for wages, hours, and other working conditions for Sergeants in the bargaining unit represented by PBPA, which contract has been in full force and effect continuously since that date and applied retroactively to January 1, 1999. PBPA has copies of the contract in its possession and for that reason none is attached hereto.

13. Articles 2 and 9 of the contract, between the FOP and City entitled respectively "Recognition" and "Grievance Procedure," provide that the FOP is the sole and exclusive collective bargaining representative for all sworn police officers below the rank of sergeant and non-probationary officers, and that Police Officers may initiate grievances for disputes concerning the interpretation and/or application of the contract.

14. Articles 2 and 9 of the contract, between the PBPA and City entitled respectively "Recognition" and "Grievance Procedure," provide that the

4

PBPA is the sole and exclusive collective bargaining representative for all sworn police officers in the rank of sergeant, and that Sergeants may initiate grievances for disputes concerning the interpretation and/or application of the contract.

15. Contrary to and in violation of the provisions of the contract between the FOP and City set forth in paragraph 13, defendant FOP failed and refused to file grievances on behalf of Police Officers. The Police Officers were all part of the Public Housing South Unit, and in 2003 the Police Officers had been allowed to work CHA overtime as part of the Public Housing South Unit.

16. In October of 2004 the Public Housing South Unit was disbanded. The Police Officers were not allowed as of January 2005 to work CHA overtime, however the City allowed other members of the police force to work CHA overtime.

17. Defendant FOP at no time filed a grievance on behalf of Police Officers, or made any demand for arbitration, concerning any dispute existing between the parties although the practice outlined in Paragraphs 15 and 16 were in violation of the contract. Such conduct on the part of FOP and its officers and agents has been carried on with the deliberate purpose and design of damaging and disrupting the Police Officer's business, in full recognition and disregard of the fact that it violates the provisions of the collective bargaining agreement.

18. Contrary to and in violation of the provisions of the contract between the PBPA and City set forth in paragraph 14, defendant PBPA failed and refused to file grievances on behalf of Sergeants. The Sergeants were all part of the

Public Housing South Unit, and in 2003 the Sergeants had been allowed to work CHA overtime as part of the Public Housing South Unit.

19. In October of 2004 the Public Housing South Unit was disbanded. The Sergeants were not allowed as of January 2005 to work CHA overtime, however the City allowed other members of the police force to work CHA overtime.

20. Defendant PBPA at no time filed a grievance on behalf of Sergeants, or made any demand for arbitration, concerning any dispute existing between the parties although the practice outlined in Paragraphs 18 and 19 were in violation of the contract. Such conduct on the part of PBPA and its officers and agents has been carried on with the deliberate purpose and design of damaging and disrupting the Sergeants' business, in full recognition and disregard of the fact that it violates the provisions of the collective bargaining agreement.

21. However, the FOP and PBPA did file grievances for other members of the Chicago police force who were also members of the Public Housing South Unit and alleged that the City violated provisions of the respective contracts.

22. The City violated the respective contracts by allowing certain members of the Chicago police force the opportunity to work CHA overtime and by not allowing the Police Officers and Sergeants that same opportunity after January of 2005.

23. Pursuant to both collective bargaining agreements, the Police Officers and Sergeants should have received the same opportunities as their contemporaries, and the City violated the agreements by treating the Police

Officers and Sergeants differently than other members of the Chicago police force.

24. Both the FOP and the PBPA failed to act in a fair and consistent manner when they filed grievances for certain members of their unions regarding violations of the collective bargaining agreement by the City when it discontinued the Public Housing South Unit and did not allow the officers that were previously in the Public Housing South Unit the opportunity to work CHA overtime when other members of the Chicago policed force were given the opportunity, and failed to file grievances for the Police Officers and Sergeants.

25. This failure by the FOP and PBPA to file grievances for the Police Officers and Sergeants was a breach of the FOP and PBPA's duties to their members by failing to represent the Police Officers and Sergeants in a fair and consistent manner.

26. The City breached the collective bargaining agreements with the FOP and PBPA by failing to allow the Police Officers and Sergeants the opportunity to work the CHA overtime subsequent to January 2005.

27. As a result of the breaches by the defendants, the Police Officers and Sergeants suffered damages, in excess of $1,000,000.00.

WHEREFORE, the Plaintiffs Mark Adduci, Angel Amador, Xavier Artis, Paul V. Bailey, Thomas Barksdale, Mark Biedrzycki, Rebecca Bogard, Brian Bolton, Elvin Boone, Sean Brandon, Milot Cadichon, Marvin Christmon, Olivia Cobbins, Everly Cole, Nicholas Cortesi, Darryl Edwards, Patrick Egan, Jim Gaskew, James G. Geisbush, Genaro Howard, Debra Giglio, Jeffrey Gniadek, Robert R. Gonzalez, Charlie Hall, Barbara Hampton, Ron Heard, Jim Henegan, Courtney Hill, Don Hoard, Alan Ithal, Mark Jakob, Alvin Jones, Mohammed Kallat, Anthony Katsibubas, Sam Kendrick, Patricia

7

Keys, Todd LeFebvre, Issac Lee, Jr., William Levigne, Kerry L.Little Ronald Mariani, Mark Mayer, John T. McHugh, Michael P. McDevitt, Jack Meseck, Michael Miller, Elizabeth Mishler, Victor Morgan, Thomas Paholke, Estell Perez-Stanford, Gregory Petit, Marilyn Pruitt, Stacey Quarterman, Gilbert Roberts, Geno Rouse, Ester Sampson, Leonard Sampson, Christ Savickas, Robert Schaefer, Carlos Segovia, Joseph Seinitz, Glen Shirahama, Willie Lee Spears, Donna M. Whisenton, and Charisse J. Zeno-Davis respectfully request that this Honorable Court enter a Judgment in their favor and against Defendants in an amount exceeding $1,000,000.00 and for any and all other relief this Court deems fair and reasonable.

Respectfully Submitted,

*[signature]*

One of Plaintiffs' Attorneys

Nicholas C. Zagotta #6220489
Kelly A. Saindon #6244793
Law Offices of Nicholas C. Zagotta
NBC Tower
455 Cityfront Plaza, Suite 3100
Chicago, IL 60611
312.828.9450