IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK ADDUCI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 06 C 5925 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant City of Chicago ("the City"), by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, submits this Memorandum in Support of its Motion to Dismiss Plaintiffs' Complaint.

### INTRODUCTION

Sixty-five Chicago police officers and sergeants have brought suit against the City under the Labor Management Relations Act of 1947 ("LMRA"), claiming that the City breached their collective bargaining agreements by not allowing them to work overtime in CHA units after 2005. See Complaint, ¶s 2, 3, 5, 22. Plaintiffs also claim that their unions, the Fraternal Order of Police and the Policemen's Benevolent and Protective Association of Illinois Unit 156, breached their duty of fair representation when they failed to file a grievance or demand arbitration. Id., ¶s 9, 10, 17, 20.

The City is not an "employer" under the express terms of the LMRA, 29 U.S.C. § 152(2). Therefore, the City cannot be sued under the LMRA and the claims against it should be dismissed with prejudice.

## ARGUMENT

**THE CITY IS NOT AN "EMPLOYER" UNDER THE EXPRESS TERMS OF THE LMRA**

Plaintiffs are suing the City, claiming that it is an "employer" under § 152(2) of the LMRA. See Complaint, ¶ 8. The plain language of the LMRA establishes that the City is not an "employer" under the Act. Section 152(2) expressly states:

> The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation or any Federal Reserve Bank, or any State or political subdivision thereof, or any person subject to the Railway Labor Act [45 U.S.C.A. § 151 et seq.], as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization.

29 U.S.C. § 152(2).

Thus, municipalities, such as the City, as political subdivisions of a state, are excluded from the definition of "employer" under the LMRA. Chicago and Northeast Ill. Dist. Council of Carpenters v. Chicago School Reform Bd. of Trustees, No. 99 C 4658, 1999 WL 754706, *1 (N.D. Ill. Sept. 14, 1999)(quoting Police Dept. of the City of Chicago v. Mosley, 408 U.S. 92, 102 n. 9 (1972)) (Attached hereto as Exhibit A).

Because the Act expressly excludes the City from its coverage, this Court has no subject matter jurisdiction and plaintiffs have failed to state a claim under the LMRA. Chicago and Northeast Ill. Dist. Council of Carpenters, 1999 WL 754706, * 1 (Exhibit A). Accordingly, the City should be dismissed as a defendant from this suit. Id.

## CONCLUSION

Because the City is not an "employer" within the plain meaning of the LMRA, the claims in this suit against the City should be dismissed with prejudice and this Court should grant any additional relief it deems just and appropriate.

                                              Respectfully submitted,

                                              MARA S. GEORGES
                                              Corporation Counsel
                                              of the City of Chicago

By:     s/Jay M. Kertez
              Jay M. Kertez
              Senior Counsel

30 N. LaSalle St., Suite 1020
Chicago, Illinois 60602
(312) 744-9212

## CERTIFICATE OF SERVICE

I certify that on December 15th, 2006, I have caused to be electronically filed a true and correct copy of the foregoing Notice of Motion and Defendant City of Chicago's Motion To Dismiss Plaintiffs' Complaint and Supporting Memorandum where notice was electronically sent to the attorney listed on the Notice of Motion.

    s/ Jay M. Kertez
JAY M. KERTEZ
Senior Counsel