Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1999 WL 754706 (N.D.Ill.)
**(Cite as: 1999 WL 754706 (N.D.Ill.))**

Page 1

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois.
CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, Plaintiff,
v.
CHICAGO SCHOOL REFORM BOARD OF TRUSTEES, Defendant.
No. 99 C 4658.

Sept. 14, 1999.

MEMORANDUM OPINION AND ORDER

SHADUR, Senior District J.

*1 Chicago and Northeast Illinois District Council of Carpenters ("Council") has brought a three-count Complaint against Chicago School Reform Board of Trustees ("Board"), with the first two counts purporting to sound in the Labor Management Relations Act of 1947 ("Act") [FN1] and with the third count being advanced under the Illinois Freedom of Information Act under the auspices of this Court's supplemental jurisdiction conferred by 28 U.S.C. § 1367(a). Board has moved for dismissal, and the grounds for such action appear so plain that this memorandum opinion and order is being issued either (1) to spare Council's lawyers the trouble of preparing and submitting what would seem to be a fruitless response or, alternatively, (2) to define the steep hill that Council must climb to avoid dismissal.

> FN1. Citations to the Act will take the form "Act § --," with section numbering drawn from Title 29 rather than from the Act's internal numbering.

To be sure, Council and Board are parties to a collective bargaining agreement ("CBA"), and the claimed breach of that CBA forms the gravamen of Complaint Counts I and II. But the existence of federal jurisdiction under Act § 185(a) and (c) over disputes that implicate such CBAs is expressly dependent on Board's being an "employer" for Act purposes--and Act § 152(2) just as expressly excludes from the statute's definition of "employer," and hence from the Act's coverage, "any State or political subdivision thereof."

There is no doubt whatever that Board comes within that exclusion. *Police Department of the City of Chicago v. Mosley,* 408 U.S. 92, 102 n. 9 (1972) (emphasis added) said in passing more than a quarter century ago:

> The city now recognizes that the National Labor Relations Act specifically exempts States and subdivisions (and therefore cities and *their public school boards* ) from the definition of "employer" within the Act.

And a decade later this Court applied the identical concept to reject another union's attempt to bring an Act-based lawsuit against Board's predecessor for the asserted repudiation of a CBA (*Chicago Teachers Union v. Board of Educ.,* 569 F.Supp. 597, 599 (N.D.Ill.1983)).

Nothing has changed in the time that has intervened between those decisions and the present. Hence this Court expects to grant Board's motion to dismiss immediately after September 24, 1999 (which is the scheduled due date for Council's responsive memorandum) unless that memorandum were to identify a persuasive reason to allow Council to invoke the Act (or unless Council were to cave in before that date, so as to enable the earlier entry of an order of dismissal).

As for Council's state law claim in its Count III, the familiar teaching of *United Mine Workers v. Gibbs,* 383 U.S. 715, 727-28 (1966) and its numerous progeny counsels the without-prejudice dismissal of that claim at this threshold stage of the case. In that respect, Board has properly cited one of the many decisions approving such dismissal (which is now specifically authorized under 28 U.S.C. § 1367(c)(3) )--see *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 727-28 (7th Cir.1998).

*2 Accordingly this Court anticipates ordering (on the same basis as stated earlier) such a without-prejudice dismissal of Complaint Count III. It may be added in that regard that if Council can also properly reframe its breach of contract claims without reliance on the Act so as to submit those claims as well to a state court of competent jurisdiction, it would remain free to do that too.

Not Reported in F.Supp.2d, 1999 WL 754706 (N.D.Ill.)

Motions, Pleadings and Filings (Back to top)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d  
**(Cite as: 1999 WL 754706, *2 (N.D.Ill.))**

Page 2

. 1:99CV04658 (Docket) (Jul. 15, 1999)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.